## COMPAQ COMPUTER CORPORATION, Appellant,

v.

Hal LAPRAY, Tracy D. Wilson, Jr., and Alisha Seale Owens, On Behalf of Themselves and All Others Similarly Situated, Appellees.

No. 09–01–368 CV.

Court of Appeals of Texas, Beaumont.

Aug. 22, 2001.

David J. Beck, Alistair B. Dawson, Anne M. Pike, Beck, Redden & Secrest, L.L.P., Houston, for appellant.

Wayne A. Reaud, The Reaud Law Firm, L. DeWayne Layfield, Hubert Oxford, III, Robert Craft, Hubert Oxford, III P.C., Gilbert I. Low, Gary Neale Reger, Jack P. Carroll, Orgain, Bell & Tucker, L.L.P., Beaumont, Charles Silver, Austin, C. Keith Kebodeaux, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## ORDER

WALKER, Chief Justice.

The emergency motion to stay, filed August 17, 2001, is DENIED.

GAULTNEY, J., dissenting.

I respectfully dissent from the majority's denial of appellant's motion to stay, which asked us to stay additional merit discovery and the issuance of class notice in this matter.

The underlying appeal that is before this court attacks the trial court's order certifying a class and the accompanying findings of fact and conclusions of law. Until we resolve the issue of whether the trial court erred in certifying a class, we should not permit the case to proceed as a class; i.e., the trial court should not issue class notices, permit discovery on the merits, or set a trial date. A trial court "must not make an order" during an interlocutory appeal that impairs the "effectiveness of any relief sought or that may be granted on appeal." TEX.R.APP. P. 29.5. The trial court has set a trial date even though any trial is automatically stayed during the pendency of this appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3), (b) (Vernon Supp.2001). The trial court has ordered that "[m]erits discovery must be completed by no later than December 21, 2001," four months from now, with trial to begin three months later. By denying appellant's motion to stay, we are requiring the parties to prepare for trial seven months from now even though this court has not decided whether this case is appropriate for class certification; the briefs have not been filed yet. The denial of the motion requires potentially wasteful expenditure of time, money and judicial resources, and is contrary to the purpose of the automatic stay set forth in section 51.014(b) of the Civil Practice and Remedies Code.

We are not dealing here with precertification class discovery; the class has already been certified. I believe the majority's denial therefore runs contrary to the reasoning in the Texas Supreme Court's recent decision in *In re Alford Chevrolet-Geo*, 997 S.W.2d 173 (Tex.1999).

Appellant's motion to stay should be granted.